UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                          Case No. 09-20215

Solomon Nathaniel,                                             Honorable Sean F. Cox

    Defendant.

_____/

## OPINION & ORDER DENYING DEFENDANT'S MOTION FOR BOND/RELEASE PENDING TRIAL

### INTRODUCTION

This matter is before the Court on Defendant Solomon Nathaniel's appeal of an order of detention pending trial pursuant to 18 U.S.C. § 3142. Defendant Solomon Nathaniel ("Nathaniel") appeared before this Court on August 21, 2009, for a hearing on this matter. At that time, the Court heard oral argument from the Government and Nathaniel's counsel. The Court has also reviewed the transcript of the June 25, 2009 detention hearing before Magistrate Judge Scheer and the Pretrial Services Report. For the reasons set forth below, the Court shall DENY Defendant's Motion for Bond/Release Pending Trial.

### BACKGROUND

On June 24, 2009, a grand jury in this district indicted Nathaniel, charging him with one count of Health Care Fraud Conspiracy, in violation of 18 U.S.C. § 1349, and multiple counts of Health Care Fraud in violation of 18 U.S.C. §§ 1347.

On June 25, 2009, Magistrate Judge Donald Scheer held a detention hearing. The transcript of the June 25, 2009 detention hearing appears in the docket as Docket Entry No. 121 ("the Hearing Transcript"). The Hearing Transcript reflects that both parties proceeded by way of proffer.

After the hearing, Magistrate Judge Scheer issued an "Order of Detention Pending Trial" (Docket Entry No. 23), wherein he found that the Government established, by a preponderance of the evidence, that there is a serious risk that Nathaniel will not appear for trial. (*Id.*).

A person ordered detained by a magistrate judge may file, with the Court having original jurisdiction over the case, a motion for revocation or amendment of that order. 18 U.S.C. § 3145(b). On August 3, 2009, Nathaniel filed the instant "Motion for Bond/Release Pending Trial" wherein he asks this Court to grant him release on bond pending trial. The Government filed a response in opposition to Nathaniel's motion on August 17, 2009.

After having reviewed the Hearing Transcript, the Pretrial Services Report, and the parties' briefs, this Court heard oral argument by counsel on August 21, 2009.

## ANALYSIS

This Court reviews a defendant's appeal of an order of detention *de novo*. *U.S. v. Leon*, 766 F.2d 77 (2d Cir. 1985); *see also U.S. v. Koubriti*, 2001 WL 1525270 (E.D. Mich. 2001) (Although the Sixth Circuit has not squarely addressed the issue of the proper standard of review of a Magistrate Judge's detention order, the majority of the circuits that have considered the issue have ruled that a *de novo* review is appropriate); *U.S. v. Runnderstand*, 2008 WL 927774 (E.D. Mich. 2008).

A criminal defendant may be detained pending trial if a judicial officer determines that

there is "no condition or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." 18 U.S.C. § 3142(e).  "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall "take into account the available information" concerning the various factors enumerated in § 3142(g), which include:

1) the nature and circumstances of the offenses charged (§3142(g)(1));

2) the weight of the evidence against the person (§3142(g)(2));

3) the history and characteristics of the person, including: a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appear at court proceedings and b) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law (§3142(g)(3)); and

4) the nature and seriousness of the danger to any person the community that would be posed by the person's release (§3142(g)(4)).

After considering the record in light of the above factors, as explained below, this Court concludes that the Government has established by a preponderance of the evidence that there is a serious risk that Nathaniel will not appear for trial.  This Court further finds that, based upon the credible testimony and information submitted at the June 25, 2009 detention hearing and the August 21, 2009 hearing before this Court, Nathaniel should be detained pending trial because there is no condition or combination of conditions that will reasonably assure his appearance.

While Nathaniel has no prior criminal history, the charges in the indictment in this case are very serious.  Nathaniel is charged with one count of Health Care Fraud Conspiracy, in

3

violation of 18 U.S.C. § 1349 and multiple counts of Health Care Fraud in violation of 18 U.S.C. §§ 1347 and 2. Nathaniel is accused of participating in an $18.3 million dollar conspiracy to defraud the Medicare program. In the event that he is convicted, the Government tentatively calculates his total offense level under the United States Sentencing Guidelines at a 30, which has a guideline range of 97-121 months imprisonment.

Moreover, the weight of the evidence against Nathaniel is significant. The Government states that multiple patients who have been interviewed by federal agents will testify at trial that they were not treated by Mr. Nathaniel, and yet Mr. Nathaniel signed forms indicating that he had treated them. Multiple witnesses have identified Mr. Nathaniel as signing files, in some cases "stacks of files," for Co-Defendant Suresh Chand.

Nathaniel's history and characteristics also cause this Court to conclude that pre-trial detention is necessary. Notably, it is undisputed that Nathaniel has no lawful status in the United States. He overstayed a temporary work visa and has no legal right to either work in or reside in this country. He will certainly be deported if he is convicted in this action and, as the Government notes, he could be deported even if he is not convicted. Indeed, at the August 21, 2009 hearing, counsel advised the Court that there is now an immigration hold.

In addition, it is significant that three of the Co-Defendants in this case, Nathaniel's alleged co-conspirators, have fled the Country after meeting with law enforcement officials regarding this case. The Government believes that Nathaniel's alleged co-conspirators fled back to Nathaniel's home country of India. Although Nathaniel currently resides here with his wife and three children, he also has substantial ties in India. He has a brother and sister that reside in India. He is a citizen of India and possesses a passport from India. Nathaniel may also have

fairly significant resources that could be used to flee the country. He indicated to Pretrial Services that he has been earning $8,000.00 per month for the past five years, yet claims he has no asserts. Thus, Nathaniel has motive, opportunity and means to flee the country.

## CONCLUSION & ORDER

Having considered the factors set forth in § 3142(g), the Court concludes that the Government has established by a preponderance of the evidence that there is a serious risk that Nathaniel will not appear for trial and that he should be detained pending trial because there is no condition or combination of conditions that will reasonably assure his appearance. Accordingly, IT IS ORDERED that Nathaniel's Motion for Bond/Release Pending Trial is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 21, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 21, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager